UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 07-CV-2351-L |
| | Criminal No. 07-CR-704-L |
| Plaintiff-Respondent, | |
| | **ORDER DISMISSING WITH** |
| v. | **PREJUDICE PETITIONER'S** |
| | **MOTION UNDER 28 U.S.C. § 2255** |
| YOLANDA SANDRA SANCHEZ, | **TO VACATE, SET ASIDE OR** |
| | **CORRECT SENTENCE** |
| Defendant-Petitioner. | |

On December 14, 2007, Petitioner Yolanda Sandra Sanchez ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Respondent has filed a response and opposition, and Petitioner filed a reply. In her motion, Petitioner contends that her counsel performed ineffectively. In essence, Petitioner argues that her counsel was ineffective by: (1) failing to explain the plea agreement; (2) failing to explain the presentence report; (3) failing to submit "mitigating factors" to the Court at sentencing; and (4) failing to file an appeal from her conviction and sentence. In addition, Petitioner claims the Court erred at sentencing by: (1) not ruling on objections to the presentence report;[1] (2) sentencing her based on materially incorrect information; and (3) failing to state the reasons for the sentence imposed.

---

[1] The Court notes that no objections to the presentence report were filed.

Petitioner's assertions are factually incorrect, belied by the record, and entirely without legal merit. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will **DISMISS** Petitioner's motion.

## BACKGROUND

On February 26, 2007, a Complaint was filed against Petitioner charging her with importation of cocaine in violation of 21 U.S.C. § 952 and 960. Petitioner waived indictment, and an Information was filed against her on March 22, 2007, charging the same violation. In March 2007, Petitioner entered into a written plea agreement with the Government. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal, or to collaterally attack her conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. *See* Plea Agreement ¶ XI. During the plea proceedings before Magistrate Judge Nita L. Stormes, Petitioner clearly acknowledged that she understood, that by entering the plea agreement, she was waiving her rights to appeal and collateral attack.

On September 4, 2007, this Court accepted Petitioner's guilty plea to importing 27 kilograms of cocaine and sentenced her to a term of 12 months in custody. This sentence was nine years less than the 10-year minimum mandatory under 21 U.S.C. §§ 952 and 960, and reflected the Court's adoption of all downward adjustments and departures recommended by the Government in addition to 6 further levels of downward departures sought by Petitioner's counsel.[2]

...

---

[2] Under the plea agreement, the parties jointly recommended a Base Offense Level of 31 and nine levels of downward adjustments and departures. On August 14, 2007, the Government submitted a letter to the Court recommending that Petitioner receive a three-level downward departure under U.S.S.G. § 5K1.1, in addition to the downward departures and adjustments negotiated in the plea agreement. This reduced Petitioner's adjusted offense level to 19 and a resulting advisory guideline range of 30-37 months. The Government recommended that the Court sentence Petitioner to 30 months custody at the low-end of the guideline range. In addition to the agreed-upon nine levels of downward adjustments and departures in the plea agreement, defense counsel sought a five-level downward departure under U.S.S.G. § 5K1.1 and a four-level downward departure for combination of circumstances. Based on an adjusted offense level of 13, defense counsel requested a 12-month sentence, which the Court ultimately imposed.

## ANALYSIS

Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence as part of her plea agreement. Because Petitioner does not challenge the validity of the waiver, the Court finds that the waiver should be enforced. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First of all, the record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. Secondly, the sentence imposed by the Court was in accordance with the negotiated agreement, and in accordance with the applicable sentencing guidelines.

Regarding Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the

test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that her defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced her defense. *Id.* at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show that her counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that she was prejudiced by the deficient representation she received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Here, Petitioner has not identified any aspect of her counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases. On the contrary, Defense counsel acted as a zealous advocate on behalf of Petitioner. The record further refutes Petitioner's claim that counsel failed to present "mitigating factors" to the court. Defense counsel filed a lengthy Sentencing Memorandum and submitted numerous letters to the Court in support of his request for further downward departures, in addition to those already recommended by the Government. Counsel raised similar arguments at the sentencing hearing and requested a 12-month sentence, which the Court ultimately imposed.

As stated above, Petitioner signed a plea agreement in which she agreed to waive any right to appeal, or to collaterally attack her conviction and sentence, unless the Court imposed a

custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. *See* Plea Agreement ¶ XI. In the plea agreement, Petitioner initialed her assent that her plea was knowing and voluntary, and signed acknowledging that she fully understood the agreement's terms. Therefore, Petitioner's valid waiver of her right to appeal forecloses her claim that failure to file an appeal constituted ineffective assistance.

During the plea colloquy before Magistrate Judge Stormes, Petitioner specifically stated that she understood the concept of collateral attack, that she knew she had waived it, and that she had no questions about that waiver. Judge Stormes confirmed that Petitioner had reviewed and initialed every page of the plea agreement, indicating that she knew and understand the contents of each page. Petitioner also affirmed under oath that she had reviewed the entire agreement and discussed it with her counsel and that she had signed it on the last page. Judge Stormes asked Petitioner if she had any questions about the plea agreement, Petitioner replied in the negative. Judge Stormes further confirmed that Petitioner's counsel had discussed the plea agreement thoroughly with her, including the provision on waiver of appeal and collateral attack. Even assuming that Petitioner's counsel did assure her that she would receive a lower sentence under the plea agreement, this would not provide Petitioner with a basis for relief. *See, e.g., United States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994) (defense attorney's failure to accurately inform the defendant of the sentencing range he faced did not entitle him to challenge his guilty plea). Thus, the Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case. Therefore, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

...
...
...
...
...

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived her right to collaterally challenge her conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: June 5, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Yolanda Sandra Sanchez
#02960-398
Federal Correctional Camp
P.O. Box 5100
Adelanto, CA 92301

United State Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101-8893